UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT L. ANDERSON,

           Petitioner,

    v.

JEFFREY A. UTTECHT,

           Respondent.

CASE NO. 3:19-cv-06135-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: February 7, 2020

The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. Petitioner Robert L. Anderson. filed his federal habeas petition on November 18, 2019 pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkts. 1, 7. The Court concludes that petitioner failed to properly exhaust his state court remedies as to all grounds raised in the petition; however, a state remedy remains available to petitioner. Therefore, the Court recommends that the petition be dismissed without prejudice.

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his conviction second-degree kidnapping with sexual motivation and first-degree criminal impersonation. Dkt. 12, Exhibit 1. Petitioner was sentenced on May 3, 2019. *Id.* Petitioner did

not appeal his judgment and sentence in state court. *Id.*; Dkt. 7. Petitioner filed this petition on November 18, 2019. Dkts. 1, 7.

Petitioner raises four grounds for relief all based on his claim that he is unlawfully detained and claims that the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 7. On December 19, 2019, respondent filed an answer, wherein he asserts that petitioner has not properly exhausted his available state court remedies but maintains that the petition should be dismissed with prejudice on the merits. Dkt. 11. Petitioner did not file a traverse but filed a "rebuttal" to the Court's report and recommendation which had not yet been entered in the case. Dkt. 13.

## DISCUSSION

### I. Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, petitioner challenges his 2019 judgment and sentence. Dkt. 7. He acknowledges in the petition that he has not filed a direct appeal and has not sought further review by a higher state court. Dkt. 7. Because the state courts have not yet had a full and fair opportunity to consider the merits of petitioner's claims, the claims are unexhausted and therefore ineligible for federal habeas review. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The

exhaustion of state remedies doctrine limits the issues a habeas corpus petitioner may raise in federal court to the 'same claims' that are 'fairly' presented to the highest state court.").

## II.     Available State Remedies

If there is a state remedy available, petitioner will need to return to the state level to exhaust his claims. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993).

Here, as respondent acknowledges, petitioner has an available state remedy. *See* Dkt. 11 at 4-5. Washington State imposes a one-year statute of limitations on the filing of a personal restraint petition or other post-conviction challenge. RCW § 10.73.090. In this case, petitioner did not file a direct appeal, thus, his judgment became final for purposes of state law on May 3, 2019, the date it was filed with the clerk of the trial court. Dkt. 12, Exhibit 1; RCW § 10.73.090(3)(a). Petitioner has one year from the date the judgment became final to file a petition or motion for post-conviction relief in state court. *See* RCW § 10.73.090(1), (2), (3)(a).

Because petitioner failed to properly exhaust his state remedies and state remedies remain available to him, the undersigned recommends that the petition be dismissed without prejudice. *See Hill v. Hill*, 2001 WL 34727917 (D. Or. June 29, 2001). Based on the foregoing, the Court declines to address respondent's argument that the petition should be dismissed on the merits. *See* Dkt. 11.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this report and recommendation, the petition may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability.

**CONCLUSION**

The Court recommends that the petition be dismissed without prejudice. No evidentiary hearing is necessary, and a certificate of appealability should be denied. The Court also recommends denying petitioner's *in forma pauperis* status on appeal.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on February 7, 2020 as noted in the caption.

Dated this 14th day of January, 2020.

J. Richard Creatura
United States Magistrate Judge